UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDGAR M. WAYNE,

        Petitioner,

v.                                                      CASE NO. 03-40023
                                                        HONORABLE STEPHEN J. MURPHY,
III
DAVE GUNDY,

        Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION
AND GRANTING A CERTIFICATE OF APPEALABILITY
ON PETITIONER'S CLAIM THAT HE WAS DENIED
HIS RIGHT TO REPRESENT HIMSELF**

        Petitioner Edgar M. Wayne has filed a *pro se* application under 28 U.S.C. § 2254 for

the writ of habeas corpus.  The habeas petition challenges Petitioner's state convictions

for murder and a firearm offense.  Petitioner's claims do not warrant granting the writ of

habeas corpus.  Accordingly, the habeas petition will be denied.

**I.  Background**

        **A.  The Charges, Trial, Sentence, and Direct Review**

        Petitioner was charged with first-degree (premeditated) murder and possession of

a firearm during the commission of a felony (felony firearm).  The charges arose from the

fatal shooting of Johnnie Young on June 26, 1997, in Detroit, Michigan.  The evidence at

trial has been summarized by the state court as follows:

> [T]he victim [Johnnie Young] telephoned defendant's girlfriend, Debra
> Crosby, earlier on the day of his death.  He then arrived at defendant's
> residence at about 11:30 p.m. and stood outside, calling Debra's name.  He

looked very angry and was moving around as if he was upset.  When Debra came outside, she and Young began arguing.  Defendant heard them arguing and stood inside the doorway, watching them.  Young yelled for defendant to come outside and threatened defendant.  Defendant went upstairs to retrieve a gun, then exited through the back door and walked around the side of the house.  Defendant shot Young from a distance of approximately three feet and fled the area.  He turned himself in to the police nearly one year later.

*People v. Wayne*, No. 216366, at 4 (Mich. Ct. App. Dec. 1, 2000) (unpublished).

Petitioner informed the police that Young had threatened him earlier in the day and that he shot Young when Young approached him and reached for a knife or something else in his waistband.  He claimed that it had not been his intention to hurt Young.

Petitioner did not testify or present any witnesses at trial.  His defense was that he shot Young in self defense.

On October 14, 1998, a circuit court jury in Wayne County, Michigan found Petitioner guilty, as charged, of first-degree murder, MICH. COMP. LAWS § 750.316, and felony firearm, MICH. COMP. LAWS § 750.227b.  The trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of life imprisonment for the murder.

On appeal, Petitioner alleged that the trial court violated his Sixth Amendment right to counsel and erred when it denied his motion for a new trial.  The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished *per curiam* opinion.  Petitioner raised the same two claims and a new claim regarding his trial attorney in the Michigan Supreme Court, which denied leave to appeal on October 29, 2001, because it was not persuaded to review the issues.  *See People v. Wayne*, 465 Mich. 890; 635 N.W.2d 322 (2001).

2

**B.  The Habeas Corpus Petition and State Collateral Review**

Petitioner filed his habeas corpus petition on January 31, 2003.  The grounds for relief were:

I.     The trial court violated my right to counsel when it failed to assign substitute counsel and denied my request for self-representation.

II.    I was deprived of my constitutional right to an impartial jury when the trial court judge denied my motion for a new trial.

III.   I was denied the effective assistance of counsel.

The Honorable Paul V. Gadola dismissed Petitioner's second and third claims as unexhausted and stayed Petitioner's third claim so that he could pursue additional state court remedies.[1]

Petitioner then returned to the trial court where he raised his two unexhausted claims in a motion for relief from judgment.  The trial court denied the motion on the ground that the Michigan Court of Appeals had already adjudicated the issues.  Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Rule 6.508(D).  *See People v. Wayne*, No. 261574 (Mich. Ct. App. Sept. 23, 2005).  On March 27, 2006, the Michigan Supreme Court denied

---

[1]  State prisoners are required to fairly present their constitutional claims at every level of state court review before raising the claims in a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845, 847 (1999); *Dombkowski v. Johnson*, 488 F.2d 68, 70 (1973).  Judge Gadola determined that Petitioner's second and third claims were unexhausted because Petitioner did not present those claims to the state courts under the same theory as the theory relied upon in his habeas petition.  *See Lyons v. Stovall*, 188 F.3d 327, 331-33 (6th Cir. 1999); *Pillette v. Foltz*, 824 F.2d 494, 497-98 (6th Cir. 1987).  In addition, Petitioner raised his third claim for the first time in the Michigan Supreme Court.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

3

leave to appeal for the same reason.  *See People v. Wayne*, 474 Mich. 1094; 711 N.W.2d 62 (2006).

On April 24, 2006, Petitioner filed an amended petition for the writ of habeas corpus, raising the same issues that he presented to the Court in his first habeas petition.  Judge Gadola re-instated the case on his active docket, and Respondent filed an answer to the amended petition.  The case subsequently was re-assigned to this Court.

## II.  Standard of Review

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on the merits resulted in:

> (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II).  A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.

4

## III.  Discussion

### A.  The Right to Counsel

Petitioner alleges that he was deprived of his right to counsel when the trial court failed to appoint substitute counsel for him and denied his request to represent himself. The Michigan Court of Appeals adjudicated this claim on the merits and ruled that Petitioner had failed to show "good cause" for substitution of counsel and that Petitioner's request to represent himself was equivocal and therefore not a valid waiver of the right to counsel.

#### 1.  Substitute Counsel

A defendant in a criminal case has a right to the assistance of counsel in his defense.   U.S. CONST. amend. VI; *Faretta v. California*, 422 U.S. 806, 807 (1975). However, "[t]he Sixth Amendment right to counsel 'does not guarantee that a criminal defendant will be represented by a particular attorney.'"  *United States v. Green*, 388 F.3d 918, 921 (6th Cir. 2004) (quoting *Caplin & Drysdale v. United States*, 491 U.S. 617, 624 (1989)).

> When an accused seeks substitution of counsel in mid-trial, he must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution. Consideration of such motions requires a balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice.

*Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (citations omitted).

Petitioner informed the trial court on the second day of trial that he was invoking his Sixth Amendment rights and that he wanted another attorney.  He pointed out that, a week earlier, he had written to the trial court and requested substitute defense counsel. Petitioner was permitted to read the letter into the record.  The letter stated that defense

5

counsel did not adequately communicate with Petitioner, was not diligent or prompt in representing him, failed to inform him that he could have an independent evaluation for criminal responsibility and diminished capacity, neglected to subpoena witnesses whose testimony was vital to the defense, and failed to provide him with the information that he requested.

Defense counsel responded to Petitioner's allegations by stating that he was ready for trial and that he had a "very friendly" meeting with Petitioner on the previous night when they discussed police and evidence reports and a witness statement.  Defense counsel also stated that:  (1) he and Petitioner had agreed not to request an independent psychiatric evaluation; (2) he did not subpoena the witnesses mentioned to him because one of them was not a material witness, two other individuals had nothing to say because they did not see anything, and a fourth person was already on the witness list; and (3) the only discovery that Petitioner was missing consisted of the autopsy report and the evidence tech's report, which he discussed with Petitioner.  Defense counsel's only concern was that Petitioner's attitude had changed overnight, and he did not know whether Petitioner intended to cooperate with him.  Counsel offered to talk with Petitioner during a recess in the proceedings.

The trial resumed after a recess for lunch.  Petitioner did not re-assert his request for substitute counsel, and the record indicates that he and defense counsel conferred with each other on the selection of jurors (Tr. Oct. 8, 1998, at 242), (waiver of witnesses (Tr. Oct. 13, 1998, at 3-4), Petitioner's right to testify (*Id.* at 11-12), and the jury instructions (*Id.* at 39, 53-54).

Petitioner has failed to show an irreconcilable conflict between him and his attorney

or a complete breakdown in communication.  The tension between him and his attorney was not "so great that it resulted in a total lack of communication preventing an adequate defense."  *Bentez v. United States*, 521 F.3d 625, 632 (6th Cir. 2008) (quoting *United States v. Iles*, 906 F.2d 1122, 1130 n.8 (6th Cir. 1990)).  The trial court therefore did not abuse its discretion or deprive Petitioner of his right to counsel by denying the request for substitution of counsel.

### 2.  Self Representation

Petitioner alleges that the trial court deprived him of his right to represent himself at trial.  "The Sixth Amendment . . . implies a right of self-representation," *Faretta*, 422 U.S. at 821, and any waiver of the right to counsel must be "knowing, voluntary, and intelligent." *Iowa v. Tovar*, 541 U.S. 77, 88 (2004) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The choice to represent oneself must be done unequivocally and with eyes open.  *Faretta*, 422 U.S. at 835.

"'[C]ourts indulge every reasonable presumption against waiver' of fundamental constitutional rights and . . .'do not presume acquiescence in the loss of fundamental rights'." *Johnson*, 304 U.S. at 464 (footnotes with citations omitted).  "The determination of whether there has been an intelligent waiver of [the] right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."  *Id.*

Petitioner informed the trial court on the second day of trial that he was invoking his Sixth Amendment right.  He did not specify which Sixth Amendment right, but, after he conferred with defense counsel, counsel stated that Petitioner wished to represent himself. The trial court denied Petitioner's request on the ground that it would be disruptive.  The

7

trial court then began the process of selecting a jury.  As the names of prospective jurors were called, Petitioner started to walk out of the courtroom.  The trial court excused the prospective jurors, and Petitioner then informed the court once again that he was invoking his Sixth Amendment right.  When the trial court stated that Petitioner should have raised the matter sooner, Petitioner pointed out that he did raise the issue before trial.  The trial court postponed a hearing on the issue, but promised to address the issue at a later time. (Tr. Oct. 8, 1998, at 3-11.)

The hearing on Petitioner's request occurred during the lunch break.  At that time, Petitioner stated that he was waiving counsel and "that's my 6th Amendment right."  He then pointed out that a week before trial he had informed the trial court by letter that he wanted the court to appoint another attorney.  He agreed with the trial court that he had requested substitution of counsel and not the right to represent himself.  After Petitioner read his letter to the court into the record, he stated that he would like to have substitution of counsel or to invoke his Sixth Amendment right.  The trial court denied his request.  (*Id*. at 167-75.)

The foregoing summary of the facts indicates that Petitioner informed the trial court through his attorney that he wanted to represent himself and he subsequently stated that he was waiving counsel.  However, he appears to have confused waiving counsel with substitution of counsel. It appears to this Court that Petitioner wanted to have the trial court appoint another attorney for him.  "If a defendant's motion for self-representation is ambiguous, and the surrounding circumstances suggest that it is a motion to substitute counsel rather than to proceed *pro se*, the court should construe the request as a request for substitution of counsel."  *McLouth v. Burt*, No. 01-71573 (E.D. Mich. Jan. 25, 2008)

8

(unpublished decision citing *United States v. Martin*, 25 F.3d 293, 295 (6th Cir. 1994)).

The right to represent oneself and the right to counsel are "'two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other." *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970) (citation omitted). "[F]or purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights." *Id.* Thus, "[w]hen a defendant invokes one [right], he necessarily waives the other [right]." *King v. Bobby*, 433 F.3d 483, 490 (6th Cir.), *cert. denied*, 549 U.S. 1001 (2006). Because Petitioner informed the trial court that he wanted another attorney, he necessarily waived his right to represent himself. His constitutional right to represent himself was not violated.

### B.  The Jury

Petitioner alleges next that he was deprived of his constitutional right to an impartial jury because the jury observed him display contempt for his attorney and the trial court did not read a curative instruction to the jury.

#### 1.  The Right to an Impartial Jury

"The Sixth and Fourteenth Amendments guarantee a criminal defendant an impartial jury in state court." *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008) (citing *Ristaino v. Ross,* 424 U.S. 589, 595 n. 6 (1976), and *Irvin v. Dowd,* 366 U.S. 717, 722 (1961)). However, jurors are presumed to be impartial, *United States v. Guzman*, 450 F.3d 627, 629 (6th Cir. 2006) (citing *Irvin*, 366 U.S. at 723), *cert denied*, 549 U.S. 1185 (2007), and "due process does not require a new trial every time a juror has been placed in a potentially compromising situation. . . .  Due process means a jury capable and willing to decide the

case solely on the evidence before it . . . ."  *Smith v. Phillips*, 455 U.S. 209, 217 (1982).

One prospective juror stated during *voir dire* that she had already formed an opinion in the case because Petitioner had an attitude, showed little self-control, and did not listen when his name was called.  Another prospective juror stated that he had already made a decision in the case because he could not understand how someone could murder an innocent person, possess a concealed weapon, and plead not guilty.  The trial court dismissed both individuals for cause; they did not sit on Petitioner's jury.  (Tr. Oct. 8, 1998, at 50-54 (Miss Riley) and 143-45 (James Doetsch)).  The others jurors said that they could be fair to Petitioner.  Because the jurors who deliberated Petitioner's case were capable and willing to decide the case solely on the evidence before it, Petitioner was not deprived of his constitutional right to an impartial jury.

### 2.  Failure to Give a Curative Jury Instruction

Petitioner alleges that the trial court should have instructed the jury that the alleged breakdown in the attorney-client relationship should not affect their verdict.  This claim is procedurally defaulted.  "[P]rocedural default results where three elements are satisfied: (1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim."  *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

All three elements of procedural default are satisfied here.  Petitioner failed to comply with a state procedural rule that requires defendants in criminal cases to present their claims to the trial court before raising them on appeal.  *See People v. Carines*, 460

10

Mich. 750, 761-64; 597 N.W. 2d 130, 137-38 (1999) (unpreserved constitutional error); *People v. Grant*, 445 Mich. 535, 546; 520 N.W. 2d 123, 128 (1994) (unpreserved nonconstitutional error).  The last state court to issue a reasoned opinion on his claim was the Michigan Court of Appeals, which denied relief because Petitioner failed to request a curative instruction during  trial.   The contemporaneous-objection rule was an adequate and independent state ground for the state court's decision because the rule was "firmly established and regularly followed" before Petitioner's trial.  *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir.1998) (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)).

Because the elements of procedural default have been satisfied, Petitioner must show "cause" for failing to request a curative jury instruction during trial and "actual prejudice" as a result of the alleged violation of federal law.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).   Alternatively, Petitioner must demonstrate that a fundamental miscarriage of justice will occur as a result of the Court's failure to consider the substantive merits of his claim.  *Id*.

Petitioner alleges that his trial attorney was ineffective for not requesting a curative instruction.  Constitutionally ineffective assistance of counsel is "cause" for a procedural default, but "[a]ttorney error short of ineffective assistance of counsel . . . does not constitute cause and will not excuse a procedural default."  *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 486-88 (1986)).  To prove that his attorney was constitutionally ineffective, Petitioner must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The prospective jurors who formed an opinion during *voir dire* informed the trial court

11

of their opinions at bench conferences.  The other prospective jurors did not hear the reasons why the two individuals had reached a decision in the case.  Furthermore, at the close of the case, the trial court instructed the jurors that Petitioner was presumed innocent and that the jurors should not let sympathy or prejudice influence their verdict.  Given this instruction and the deliberating jurors' commitment to being fair and impartial, defense counsel's failure to request a curative jury instruction did not rise to the level of deficient performance.  Therefore, ineffective assistance cannot be deemed "cause" for Petitioner's procedural default.

The Court need not determine whether Petitioner has demonstrated the requisite prejudice, because he has failed to show "cause" for his procedural default.  *Willis*, 351 F.3d at 746 (citing *Simpson v. Jones*, 238 F.3d 399, 408 (6th Cir. 2000)).  The narrow exception for fundamental miscarriages of justice is reserved for the extraordinary case in which the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense.  *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Carrier*, 477 U.S. at 496.  A claim of actual innocence "requires [the] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner has not presented any new evidence in support of a claim of actual innocence.  Therefore, a miscarriage of justice will not occur as a result of the Court's failure to consider the substantive merits of Petitioner's claim about the lack of a curative jury instruction.  His claim is procedurally defaulted.

### C.  Trial Counsel

12

Petitioner's third and final claim alleges ineffective assistance of counsel. No state court adjudicated this claim on the merits,[2] and although Respondent argues that the claim is procedurally defaulted, the Court has found it more efficient to decide the issue on the merits than to determine whether the claim is procedurally defaulted.  Consequently, the Court will excuse the alleged procedural default.  Courts need not address procedurally defaulted issues before deciding against a petitioner on the merits.  *Mahdi*, 522 F.3d at 635 (quoting *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).

A claim of ineffective assistance of counsel requires showing that the attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690.  Therefore, to prevail on his claim, Petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 688 and 687.  The prejudice prong of the *Strickland* test requires showing that the result of the proceeding would have been different "but for counsel's unprofessional errors."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

Petitioner contends that his trial attorney failed to: confer with him before trial,

---

[2]  The Michigan Court of Appeals considered defense counsel's representation of Petitioner only to a limited extent in connection with Petitioner's claim that the trial court should have appointed substitute counsel to represent him.

13

interview witnesses, investigate his case, request discovery, prepare for his evidentiary hearing, and inform the trial court that he wanted substitute counsel.  The record indicates that defense counsel was prepared for trial and that he discussed the case with Petitioner before and during trial.  Defense counsel investigated the witnesses suggested to him and decided for strategic reasons not to use the witnesses.  He obtained discovery and shared it with Petitioner, and the transcript of the evidentiary hearing on Petitioner's motion to suppress his confession indicates that counsel was prepared for the hearing.   It was unnecessary for defense counsel to inform the court that Petitioner wanted substitute counsel because Petitioner himself informed the court before trial and during trial that he wanted another attorney.

The Michigan Court of Appeals determined that defense counsel "was competent to represent defendant" and "vigorously argued defendant's case."   In support of this conclusion, the court of appeals noted that defense counsel made a lengthy argument in response to a hearsay objection by the prosecutor, moved for a directed verdict during trial, and renewed his motion for a directed verdict of acquittal at Petitioner's sentencing hearing.


For the reasons given by the state court and for all the other reasons given above, this Court finds that defense counsel's performance was objectively reasonable and that the allegedly deficient performance did not prejudice the defense.  Petitioner's claim has no merit.

## IV.  Conclusion

The state court's adjudication of Petitioner's claims did not result in an unreasonable determination of the facts or in a decision that was contrary to, or an unreasonable

application of, clearly established federal law as determined by the Supreme Court. Accordingly, the habeas corpus petition and amended petition [Dkt. Nos. 1 and 21] are **DENIED**.

Reasonable jurists could disagree with the Court's resolution of Petitioner's claim about his right to represent himself. Thus, that claim warrants encouragement to proceed further, *Banks v. Dretke*, 540 U.S. 668, 705 (2004), and a certificate of appealability may issue on that claim. The Court declines to issue a certificate of appealability on Petitioner's other claims, but Petitioner may pursue an appeal from this Court's decision *in forma pauperis* because an appeal could be taken in good faith.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 3, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 3, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager